IN THE IOWA DISTRICT COURT
FOR JOHNSON COUNTY

| | | |
|---|---|---|
| SHANTI SELLZ, | ) | No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | PETITION AT LAW |
| | ) | |
| vs. | ) | |
| | ) | |
| JOSH BUSARD, | ) | |
| JOHNSON COUNTY, | ) | |
| JOHNSON COUNTY BOARD | ) | |
| OF SUPERVISORS, | ) | |
| ROD SULLIVAN, | ) | |
| JANELLE RETTIG, | ) | |
| LISA GREEN-DOUGLAS, | ) | |
| MIKE CARBERRY, | ) | **JURY DEMAND** |
| | ) | |
| | ) | |
| Defendants. | ) | |

## I.   INTRODUCTION

1.     The Plaintiff, Shanti Sellz, files this Petition after her supervisor, Josh Busard, fired her after she filed a grievance relating to an assault she sustained by her supervisor, Josh Busard, on May 17, 2017.   In response to her grievance, Defendant Josh Busard retaliated against Sellz through defamation, disciplinary actions, isolation, change in conditions of employment, and ultimately, through recommending termination of her employment after medical leave of absence was recommended by her Nurse Practitioner, Kathrine Devine, because the conditions of her work environment were negatively affecting her physical and mental health. From the date of the assault through their ultimate termination decision, the

**EXHIBIT
A**

Johnson County Board of Supervisors refused to talk with Sellz, or her lawyer to address the serious misconduct committed by Busard, or to provide her a hearing relate her experiences regarding the assault and her concerns for her safety in the workplace, as well as correct the false allegations Busard had made against her that affected the Board of Supervisors decision to uphold termination.

Defendants terminated Sellz' employment in interference with and in retaliation for Sellz taking action protected by state and federal law. Defendant's actions violated the Family Medical Leave Act, as well as 42 U.S.C. § 1983, Title VII of the Civil Rights Act, 42 U.S.C. § 2000 et seq., and the Iowa Civil Rights Act of 1965, Iowa Code Ch. 216, the State Whistleblower Law Iowa Code § 70A.29, and the Public Policy of the State of Iowa relating to reporting acts of workplace violence to law enforcement and to supervisory personnel. Plaintiff seeks damages for lost compensation in the form of wages, benefits, and bonuses; liquidated damages; damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses; punitive damages; and attorney's fees and court costs.

## II.   PARTIES

**Plaintiffs**

2.      Shanti Sellz was hired in October of 2015 to be the first Johnson County Local Foods and Planning Specialist.   The Johnson County Board of Supervisors terminated her employment in October of 2017.  She currently resides in Johnson County, and works as a vegetable farmer.

**Defendants**

3.      Josh Busard was Shanti Sellz' supervisor, and works as the Director for the Johnson County Planning, Development, and Sustainability (hereinafter "PDS").

4.      Busard is sued in his individual and official capacities for all Counts in which he is a Defendant.

5.      For all actions described herein, Mr. Busard was an employee and agent of the County, acting at all material times within the scope of his employment and agency.

6.      The Johnson County Board of Supervisors consists of five board of supervisors, representing Johnson County, a political subdivision for the State of Iowa.  (hereinafter "Board").  The Board is sued in its official capacity for any actions taken as a Board.

7.      Johnson County is a political subdivision of the State of Iowa.

3

7A.    Johnson County is "employer" for purposes of the 29 U.S.C. § 2611 (4) (A) of Family Medical Leave Act; 42 U.S.C. § 2000e(b) of Title VII; and Iowa Code 216.2.

8.    Rod Sullivan is a Supervisor for Johnson County.  He is sued in his individual capacity for all Counts in which he is a Defendant

9.    Lisa Green-Douglas is a Supervisor for Johnson County.  She is sued in his individual capacity only for all Counts in which she is a Defendant

10.    Janelle Rettig is a Supervisor for Johnson County.  She is sued in his individual capacity for all Counts in which she is a Defendant

11.    Mike Carberry is a Supervisor for Johnson County.  He is sued in individual capacity for all Counts in which he is a Defendant.

12.    Supervisor Kurt Michael Friese recused himself from any action described herein due to his prior commercial relationship with Ms. Sellz.  Thus, he is not named as a Defendant.

13.    At all times herein, the Rod Sullivan, Janelle Rettig, Mike Carberry, and Lisa Green-Douglas were employees and agents for Johnson County.

## III.    VENUE

4

14.     Venue is proper in Johnson County as all acts have taken place in Johnson County Iowa, and all Parties reside here.

## IV.   JURISDICTION

15.     The amount in this case exceeds the jurisdictional amount for small claims.  Plaintiff seeks more than $5,000.00.

## V.   JURY DEMAND

16.     Plaintiffs seek jury demand for all legal claims alleged herein.

## VI.   COMMON OPERATIVE FACTS

17.     In October 12, 2015, Shanti Sellz was hired to be the first Johnson County Local Foods and Planning Specialist.

18.     The purposes of the position was three fold: (1) to promote local food production; (2) to identify code and ordinance changes that could facilitate local food production; and (3) to assist non-profits and other entities in addressing hunger related issues through local food production and skill development.

19.     Sellz came to this position highly qualified and with strong recommendations from previous employers. She was chosen for the job from a pool of over 60 candidates.

20.    Rick Devorak hired Sellz in Oct, 2015 as the Director of the Johnson County Planning, Development and Sustainability Department (PDS).

21.    Josh Busard became Sellz's supervisor when he replaced Devorak as Director of PDS upon Devorak's retirement in May 2016

22.    Busard had engaged in some isolated inappropriate comments prior to May of 2017, but nothing rising to the level of harassment or violence. For example, he once during a work meeting referred to nursing mothers as "milk cows." On another occasion, he admonished Sellz for working too closely with the Sudanese Community, warning her to "be careful with the Sudanese."

23.    During this time period (Oct. 2015-May 17, 2017), Sellz received positive job reviews from the Board and from Busard.

### MAY 17, 2017 ASSAULT

24.    On May 17, 2017, Busard became physically aggressive towards Ms. Sellz.

25.    At about 9:30am, Sellz dropped in to discuss her use of flex time after Mr. Busard had expressed concerns about her use of flex time.

26.    Busard appeared agitated and stressed, asking her multiple times about how she had used flex time. Each time she tried to answer, Mr. Busard interrupted.

6

E-FILED  2018 JUL 23 4:10 PM JOHNSON - CLERK OF DISTRICT COURT

27.    Suddenly, without warning, Mr. Busard then lunged across the table with an open hand as if intending to strike her person.

28    Busard came within 18-24 inches of her person before regaining control.

29.    Busard, without justification, intended to place Sellz in fear of immediate physical contact, which would be painful, injurious, insulting, or offensive.

30.    It appeared he had the apparent ability to do that act as he was merely 18-24 inches of her person.

31.    Sellz was extremely distraught over the assault.

32.    Sellz verbally reported the assault to DJ Castelein on May 17th, at 1:30 pm. Castelein took personal notes of Sellz's report.

33.    On the morning of May 18, 2017, Sellz filed a written grievance to Lora Shramek, and DJ Castelein, who are both responsible for human resources for Johnson County. See Attachment Ex. 1 - Sellz Grievance

### RETALIATION BEGINS

34.    After Sellz filed her grievance, Busard issued an order confining her to the Johnson County Building during work hours, barring her from attending Johnson County Food Council Meetings, and requiring her to cancel important pre-approved meetings that were consistent with her Board of Supervisor approved

work plan such as a Iowa regional food systems policy meeting for which she was an organizer.

35.    On May 18, 2017, Sellz requested remedial measures from Ms. Castelein and Shramek, requesting that Mr. Busard have no contact with Sellz pending investigation of her grievance against Busard, and that she report to an alternative supervisor in a different department where she would not be subject to Busard's aggression.

36.    No action was taken on that initial request.

37.    On May 23, 2017, Sellz met with human resource officials, DJ Castelein and Lora Shramek, about reporting to an alternative supervisor because she did not feel safe in her office due to Busard's continued aggression and hostility.

38.    Shramek and Castelein declined the request telling her that there was nothing that they could do and nowhere to put her within the County.

39.    Nearly 30 days elapsed before the County formally addressed Sellz' assault grievance.

40.    Finally, on June 15, the day of the Sellz's pre-termination hearing, HR Director Lora Shramek delivered a written response to Sellz's May 18th assault grievance recommending counseling for Sellz and Busard. See Attached Exhibit 3 - Shramek Letter (June 15, 2017).

41.    The Letter stated: "Our recommendation is that Josh Busard and you work through issues with the help of a counselor from Synchrony and access the Employee Assistance Program," and also, that "Human Resources is also available to facilitate a message exchange." *Id.*

42.    The Letter concluded that "personal counseling is encouraged for Josh and you." *Id.*

43.    On May 24, 2017, Sellz reported the workplace assault to Sgt. Randy Lamm of the Johnson County Sheriff's Department.

44.    Lamm contacted County Attorney Janet Lyness about the assault report, and in response, Lyness told Lamm that Sellz "voluntarily" stayed under Busard's supervision.

45.    Lamm reported Lyness' comments to Sellz about her "voluntary" decision to stay under Busard's supervision.

46.    Lyness' comments surprised Sellz because they were not true.

47.    Consequently, Sellz directly emailed Lyness, stating the following:

> I am writing you directly today because it was indicated to me by Sgt. Randy Lamm that when he spoke to you regarding the assault, you told him HR informed you that I am comfortable continuing to work under Josh and am comfortable staying in this office pending the investigation. **I want to reiterate that the information you received from HR is not accurate, and I continue to work in an environment where I fear for my physical safety and is causing me a tremendous amount of emotional and physical stress. For HR to tell you otherwise is entirely false.**

See Attached Ex. 2 - Sellz Email to Lyness (June 1, 2017) (emphasis in original).

48.     Lyness did not respond to Sellz's concerns in anyway.

49.     Busard continued to retaliate against Sellz.

50.     Busard wrote up two disciplinary reports against Sellz on June 1 and June 5 for "insubordination" and "misconduct."

51.     Due to the stress associated with the assault, coupled with the isolating tactics used by Busard, Sellz began to experience physical and mental symptoms including sleeplessness, nausea, and panic attacks at work.

52.     On June 5, 2017, Sellz' medical practitioner, Kathleen Devine, provided written authorization allowing medical leave through June 12, 2017.

53.     On June 7, 2017, Nathan Mueller, Busard's subordinate, wrote up a second disciplinary action; however, Sellz did not receive that write-up until June 12th via email.

54.     As Sellz' sick leave reached its conclusion, she still could not return to work due to the psychological and physical symptoms she was experiencing, which were especially heightened and exacerbated in the toxic and aggressive atmosphere created by Busard while she was work, and no other options were offered to Sellz to return to a safe and violence-free work environment.

E-FILED  2018 JUL 23 4:10 PM JOHNSON - CLERK OF DISTRICT COURT

55.     Accordingly, she sought temporary disability through the Johnson County Human Resources Department.

56.     At approximately 4:15pm, on June 12, 2017, Sellz requested short term disability paperwork HR Director Lora Shramek.

57.     Shramek replied that there was no short term disability offered by Johnson County; however, she could apply for unpaid leave through the Family Medical Leave Act ("FMLA").

58.     Shramek sent the FMLA paperwork to Sellz the next morning June 13th) at about 8:24am.

59.     Sellz confirmed receipt, and asked her medical practitioner to fill out the paperwork, which was done at about 12:50 pm on June 13, 2017

60.     At around 4:30 pm June 13, 2017, Nate Mueller sent two emails to Sellz confirming that she did not have sick leave or vacation time.

61.     On June 13, 2017 at 6:30 pm, Busard issued a "pre-termination letter" indicating that he intended to fire Sellz for excessive use of sick leave, and for not using the proper channel to report her sick leave.

62.     Busard claimed that Sellz should be fired because she was a "no call/no show" on June 12, and that she did not use the "sick line" to call in sick.

63.     On June 12, Nate Mueller called Sellz, asking about her whereabouts.

64.    Sellz replied that Busard would need to check with HR, and on that same date, Sellz' medical provider faxed in a letter to HR requesting two additional weeks on June 12, 2017.

65.    Thus, Sellz was fired, according to Busard, because she did not call the sick leave line and instead, merely faxed in medical authorization to human resources department.

66.    Busard demonstrated his animus by even claiming that Sellz had "doctored" the original medical note by changing the note from June 9 to June 12.

67.    If Busard had bothered to ask Sellz for an explanation, he would have found that this the date was merely an oversight by her medical provider, Kathleen Device.

68.    When asked to clarify, Devine explained in writing that the error in question was of that of her office, and not the result of Sellz changing the note. See Attachment - Ex. 4 - Devine Letter (June 20, 2017).

69.    This represented the second time Busard had attempted to defame Sellz. He also had accused her of changing "flex time," which allows time off when an employee works off hours during the evening for example.

70.    That charge was completely false as Sellz had done so in response to express direction from Busard to change her flex sheet to reflect the flex time that

had been taken, rather than what was on the original request submitted 1 week prior.

71.     Following his assault of Sellz and her grievance regarding the same, Busard engaged in a defamatory campaign against Sellz through specious disciplinary reports, isolation, intimidation, and preventing her from performing her job as she had been doing less than two week prior.

72.     Prior to this incident, Sellz was thriving as the Johnson County local Foods and Planning Specialist and had no disciplinary history.

73.     For example, Sellz presented her current scope of work to the Johnson County Board of Supervisors during the March 30, 2017 board work session meeting, which is publicly for available for reviewing by video. The Board of Supervisors gave Sellz a strong job review and told her to "keep up the good work."

74.     Thus, within 30 days, Sellz went from a thriving employee with glowing job reviews to purportedly "troubled employee" who merited termination according to Busard.

74A.  It is believed, based upon the Board of Supervisors' behavior in this case and their sudden change of their perception of Sellz' work, that Busard communicated the defamatory statements in Paragraphs 66-71 to the Board of Supervisors via writing and verbally.

75.    As a government employee, Sellz had a right to what is called a

*Loudermill* hearing, which provides some procedural due process protections to

state employees to prevent wrongful termination as well as the interest in

protecting her reputation.

76.    Busard was the decision maker for the *Loudermill* hearing as well as

the final decision maker before the termination recommendation to the Johnson

County Board of Supervisors.

77.    Busard had an obvious conflict of interest.

78.    To establish her claim that she was wrongfully terminated, Sellz had

to establish as a factual matter that Busard lunged at her with an open hand and

that he retaliated against her for filing an internal grievance to Johnson County HR

Department as well as her complaint to the local sheriff's department.

79.    This would require Busard to preside over his own case.  He would

have had to find that he lunged at her in anger, nearly striking her person, and that

he retaliated against her.

80.    Throughout the process, Sellz repeatedly requested Busard's recusal

from the termination proceedings.

81.    Busard refused.

82.     Under the Johnson County Handbook, employees are entitled to a review of a termination decision by a three person panel of fellow employees.

83.     Busard chose Johnson County Attorney Janet Lyness to serve.

84.     Sellz chose Travis Weipert, Johnson County Auditor.

85.     Treasurer Tom Kriz as also selected to serve as well.

86.     After learning that Lyness was going to serve on the panel, on July 25, 2017, Sellz' counsel wrote an email to Lyness, asking her to recuse herself or to find an alternate of comparable rank to preserve over the review panel process.

87.     Sellz did not believe that Lyness could both serve as lawyer for Johnson County while serving on a peer review committee.

88.     On July 25, 2018, the undersigned counsel sent an email lodging a formal objection to Lyness' participation on the panel and to Busard's failure to recuse himself.

89.     Neither Lyness nor Busard recused themselves.

90.     On September 17, 2017, the Grievance Panel recommended that Josh Busard uphold his own findings that he did not assault Sellz, nor did he retaliate her. They upheld Busard's request for Sellz's termination.

91.    On September 22, 2017, Busard upheld his decision to terminate, finding that he did not assault Sellz, or that he retaliated against Sellz for reporting the assault internally as well as to law enforcement.

92.    On September 28, 2017, Sellz filed her appeal to the Johnson County Board of Supervisors.

93.    The September 28 Letter outlined the multiple procedural infirmities, alleging, *inter alia*, that:

A.    that Sellz due process rights were violated because Busard refused to recuse himself from termination decision due to the obvious conflict of presiding over his own case;

B.    that the Board refused to communicate with Sellz directly about the abusive behavior of Busard against Sellz;

C.    that the only substantive remedy offered by county was its recommendation that Sellz participate in counseling with the Busard, which Sellz viewed as astonishingly out of date policy; and

D.    that no written factual findings had been made by a neutral decision maker.

94.    The September 27 Letter made two specific requests:

A.    to make factual findings on whether it believed Busard assaulted Sellz or not;

E-FILED  2018 JUL 23 4:10 PM JOHNSON - CLERK OF DISTRICT COURT

    B.    to determine whether the termination arose in retaliation for Sellz reporting the assault.

95.    Following the September 27 Letter, Sellz learned that the Board would not allow closed session to address her termination or allow a hearing to allow Sellz to address her claim.

96.    In an October 10, 2017 Letter, Sellz reasserted her request for an opportunity to address the Board and reasserted her concerns regarding the process.

97.    Sellz waited the entire meeting to address the Board of Supervisors since she had no prior opportunity to discuss this matter with them. They did not grant her the opportunity speak in that meeting.

98.    In a unanimous 4-0 vote (Supervisor Friese recused himself), the Board refused to allow Sellz to speak, and upheld termination without any comment, with the exception of Mike Carberry, who appeared to lament the termination.

99.    Thus, after knowing about the assault for nearly four months, the Board did absolutely nothing to address what happened.

100.  It did not comment on the counseling remedy that was offered to Sellz and Busard after the assault.

101. It did not explain why Busard presiding over his own case did not violate basic norms of due process and fairness.

105. It did not express any concern over Busard's aggressive, retaliatory, isolating and abusive behavior toward his subordinate, Sellz

106. It did not express concerns over the County's lawyer presiding over a quasi-judicial panel while giving advice to the Board.

107. It did not explain how a highly performing employee with favorable reviews as recent as April of 2017 all of sudden became a troublesome employee abusing sick leave within two weeks of being assaulted by a supervisor, and reporting that assault.

108. Following the termination, Sellz filed a complaint with the Iowa Civil Commission Claim and with the Equal Employment Opportunity Commission ("EEOC"). The Commission screened the case out, finding that there was not enough evidence that Busard acted on account of Sellz' sex.

109. On April 25, 2018, Sellz received a right to sue from the Civil Rights Commission. See Attachment - Ex. 5 - Right to Sue Letter (April 25, 2018).

110. All civil rights commission remedies have been exhausted.

111. Sellz worked more than 1250 hours and at least 365 days prior to seeking leave under the Family Medical Leave Act.

## VII.  CLAIMS FOR RELIEF

### COUNT I:        ASSAULT - JOSH BUSARD

112.   Plaintiff asserts Paragraphs 2-111 as if set forth herein;

113.   On May 17, 2017, Busard came within 18-24 inches of striking Sellz.

114.   Busard, in lunging across at Sellz with an open hand, placed Sellz in fear of immediate physical contact, which would be painful, injuries, insulting, or offensive, to wit: Sellz feared being hit.

115.   Busard had the apparent ability to execute the act.

116.   If prosecuted criminally, Busard's action qualify as a simple assault in violation of Iowa Code Section 708.1 (2) (b).

117.   Directly as a result of nearly being hit by her supervisor, coupled with his continuing efforts to intimidate and isolate her, Busard's actions caused Sellz physical and emotional symptoms, including panic attacks, anxiety, sleepless, nausea, and fear at her workplace.

118.   She seeks nominal, compensatory and punitive damages against Busard.

### COUNT II: RETALIATION - JOSH BUSARD AND JOHNSON COUNTY

119.   Sellz reasserts Paragraphs 2-111 as if set forth herein.

E-FILED  2018 JUL 23 4:10 PM JOHNSON - CLERK OF DISTRICT COURT

120.   Iowa public policy protects communications with law enforcement and internal communications with supervisors relating to reporting of workplace acts of violence.

121.   In this case, Sellz reported Busard's assault to Johnson County Sheriff's office; County Attorney Janet Lyness, and to Human Resources via her internal grievance procedure through the Johnson County Handbook.

122.   Public officials such as Busard should not be able to retaliate against subordinates for filing reports relating to bona fide reports of workplace violence.

123.   In this case, after Sellz reported Busard for assault as outlined above.

124.   After she did so, Busard retaliated against by:

    A.    isolating her in her office;

    B.    barring her from attending work related local foods related events;

    C.    making up false claims against Sellz relating to her use of sick leave;

    D.    writing up trumped up disciplinary reports against her;

    E.    in refusing to recuse himself throughout termination proceedings; and

    F.    ultimately, terminating her employment.

125.   Overnight, Sellz went from a highly performing employee with no

disciplinary report to losing her job after reporting Busard for the assault.

126.   Sellz seeks nominal, compensatory and punitive damages for the loss and restoration of her job.

**COUNT III:        RESPONDEAT SUPERIOR - JOHNSON COUNTY.**

128.   Plaintiff reasserts Paragraphs 2-111 as if set forth herein.

Johnson County is the employer of Mr. Busard.

129.   Employers are liable for intentional torts committed by supervisory employees against subordinates.

130.   Plaintiff seeks nominal, compensatory, and punitive damages for the acts committed by Busard as described in Count I and II.

**COUNT IV:        PROCEDURAL DUE PROCESS VIOLATIONS IN 5TH AND 14TH AMENDMENTS TO UNITED STATES CONSTITUTION, ARTICLE I, SECTION 9 OF THE IOWA CONSTITUTION. 42 U.S.C. § 1983. JOHNSON COUNTY, JOSH BUSARD, SULLIVAN, GREEN-DOUGLAS, RETTIG, AND CARBERRY.**

131.   Plaintiff reasserts Paragraphs 2-111 as if set forth herein.

E-FILED   2018 JUL 23 4:10 PM JOHNSON - CLERK OF DISTRICT COURT

132.   State employees have a right to termination process subject to minimal requirements due process, including notice of violation, an opportunity to present evidence, and a neutral decision maker.

133.   Sellz also has a protected liberty and property interest in protecting her reputation as an employee with Johnson County.

134.   In this case, the only decision maker and fact-finder was Josh Busard, the same person that assaulted Sellz, and retaliated against her.

135.   In spite of repeated request for Busard to recuse himself, he refused.

136.   For Sellz to prevent her termination, she had to persuade the decision maker, Busard, that he, Busard, retaliated against her after Sellz reporting the assault by Busard.

137.   This allowed Busard to preside over his own case.

138.   Additionally, the process, also allowed a Johnson County Attorney to act in a quasi-judicial role in the grievance panel.

139.   Finally, the Board of Supervisors failed to allow hearing.

140.   Thus, Sellz was not afforded any fact finding process by a neutral decision maker.

141.   Unsurprisingly, with Busard presiding and his lawyer sitting on the Panel, Busard found that he did not assault Sellz nor did he retaliate against Sellz.

142.   Sellz seeks nominal, compensatory damages, and attorney fees.

143.   The policy and custom of Johnson County does not allow for a recusal mechanism on due process claims where the decision maker is subject to conflict.

## COUNT V  -  EMPLOYMENT DISCRIMINATION AND RETALIATION JOSH BUSARD AND JOHNSON COUNTY.

144.   Sellz reasserts Paragraphs 2-111 as if set forth herein.

145.   Busards' actions in physically intimidating, and harassing Sellz on account of her sex violates Iowa Code Section 216.6.

146.   Busard's actions in retaliating against Sellz for complaining about such conduct, violate Iowa Code Section 216.6, and Iowa Code 216.11 (1) and (2).

147.   Sellz seeks compensatory damages, and attorney fees for this violation.

## COUNT VI - FAMILY MEDICAL LEAVE ACT - BUSARD AND JOHNSON COUNTY

148.   Plaintiff reasserts Paragraphs 2-111 as if set forth herein.

149.   Sellz' mental health condition was a "serious health condition" within the meaning of 29 U.S.C. § 2612 (a) (1) (D).

150.   Busard intentionally interfered with, restrained, or denied Sellz' exercise of, or the attempt to exercise, the right to take FMLA leave to address her

E-FILED  2018 JUL 23 4:10 PM JOHNSON - CLERK OF DISTRICT COURT

serious mental health needs arising from Busard's assault in violation of 29 U.S.C.
§ 2615 (a) (1).

151.   Busard and the County intentionally discharged Sellz for attempting
to exercise her right to take medical leave under FMLA in violation of 29 U.S.C. §
2615 (a) (2).

152.   As a result of Defendants' actions, Sellz has suffered damages and is
entitled to relief under 29 U.S.C. § 2617 (a).

## COUNT VII - DEFAMATION PER SE

153.   Plaintiff alleges Paragraphs 2-111 as if set forth herein.

154.   As part his retaliation, Busard accused Sellz accused Sellz of
tampering with her employment records, which was completely false.

155.   In his pretermination letter, Busard accused Sellz of changing the
leave dates on the treatment note from Ms. Devine to Human Resources.

156.   He also accused Sellz changing the flex time calculation in the data
base, which was done directly in response to Busard's orders.

157.   None of the Board has been willing to talk with Sellz or to listen
directly to her version of the events.

158.   Instead, they stood behind a wall of silence.

E-FILED  2018 JUL 23 4:10 PM JOHNSON - CLERK OF DISTRICT COURT

159.   The circumstantial evidence suggests Busard, orally, or in writing, communicated the false tampering claims to the Supervisors.

160.   Busard's defamatory comments to the Supervisors damaged her reputation, and played a significant factor in Sellz losing her job with the County.

## COUNT VIII - WHISTLEBLOWER IN VIOLATION OF IOWA CODE 70A.29 - BUSARD AND JOHNSON COUNTY

160A. Plaintiff reasserts Paragraphs 2-111 as if set forth herein.

161.   Sellz reported Busard to Johnson County Sheriff's Deputy Randy Lamm, and notified County Attorney Janet Lyness of the same.

162.   She made those allegations in good faith out of concern for her safety as well as for the safety of others.

163.   In response to that report, Busard retaliated against Sellz as outlined above.

164.   Sellz seeks compensatory damages as set forth in Iowa Code 70A.29.

## VIII. PRAYER FOR RELIEF

WHEREFORE, for the above reasons, Plaintiff Shanti Sellz prays that judgment be entered against Defendant for money damages, including lost earnings, liquidated damages, damage to her career, future pecuniary losses, emotional pain, punitive damages, and the costs of this litigation.

E-FILED  2018 JUL 23 4:10 PM JOHNSON - CLERK OF DISTRICT COURT

RESPECTFULLY SUBMITTED,

/s/ Rockne Cole

_____

ROCKNE O. COLE
AT PIN: 00001675
Cole Law Firm, PC
209 E. Washington, Ste. 304
Iowa City, IA 52240
(319)519-2540
(319)359-4009 **FAX**
rocknecole@gmail.com
**ATTORNEY FOR PLAINTIFF**

E-FILED  2018 JUL 23 4:10 PM JOHNSON - CLERK OF DISTRICT COURT

## PETITION ATTACHMENTS

Ex. 1 - Sellz Grievance (May 18, 2017)

Ex. 2 - Sellz Email to Lyness Reference Busard and Sgt. Lamm (June 1, 2017)

Ex. 3 - Sellz Counseling Letter (June 15, 2017)

Ex. 4 - Devine Letter (June 20, 2017)

Ex. 5 - Iowa Civil Rights Commission Right to Sue Letter (April 25, 2018)

E-FILED  2018 JUL 23 4:10 PM JOHNSON - CLERK OF DISTRICT COURT

EXHIBIT

tabbies

1

**From:** Shanti Sellz
**Sent:** Thursday, May 18, 2017 9:10 AM
**To:** DJ Castelein <djcastelein@co.johnson.ia.us>; Lora Shramek <lshramek@co.johnson.ia.us>
**Subject:** Grievance Regarding Assault in the Workplace

Dear Laura and DJ

Attached is my official statement regarding the physical assault I sustained by my boss, Josh Busard, on Wednesday, May 17th.

As a remedial measure I am requesting that, effective immediately, I am not working in the Planning, Development and Sustainability Office under Josh Busard. I request to have no verbal or physical contact with him as I fear for my safety and wellbeing due to his previous behavior.

I will be exercising my previously approved time off on Friday, May 19th and Monday, May 22nd. I will be available on my personal cell phone: 319-321-8838.

Thank you.


Shanti Sellz
Local Foods and Planning Specialist
Johnson County Planning, Development and Sustainability
319-356-6083 ext 8057
ssellz@co.johnson.ia.us

Statement of Assault in the Workplace
May 17th, 2017

At approximately 9:30 am on Wednesday, May 17th I, Shanti Sellz, the Local Foods Planning Specialist for Johnson County, knocked on the office door of Josh Busard, my supervisor in the Planning, Development and Sustainability Department (door was open but I asked to come in and was invited) to discuss a concern Josh had expressed about my flex time for the this week. He asked me a couple of questions, and each time, when I went to answer the question, he interrupted me by raising his voice and an in a loud aggressive tone told me he would not talk about it. I tried to ask him to please let me speak a couple of times and but he would not let me finish speaking and continued to escalate the volume and tone of his voice. I tried to tell him that I needed to know about my flex time as soon as possible because I have a family vacation planned and needed to leave tomorrow afternoon via the time off he had already approved. As I finished saying this, Josh lunged at me across his desk with his right hand, as if intending to strike me, raised in the air and told me to get out of his office. He lunged within 18-24 inches of my body/person with his hand raised as if to strike me. I told him that I could tell he was upset and to please calm down. I then left his office.

I am not comfortable nor do I feel safe working under a supervisor, Josh Busard, who has demonstrated both verbally and physically that he cannot control his anger. His assault towards me has caused me to feel intimidated and concerned for my physical safety and wellbeing in my workplace.

Please contact me or my Lawyer, Rockne Cole, with any questions: rocknecole@gmail.com


Shanti Sellz
Local Foods and Planning Specialist
Johnson County Planning, Development and Sustainability

P. 2

E-FILED  2018 JUL 23 4:10 PM JOHNSON - CLERK OF DISTRICT COURT

**EXHIBIT**

**2**

**Sent:** Thursday, June 01, 2017 8:38 AM
**To:** Janet Lyness <jlyness@co.johnson.ia.us>
**Cc:** Lora Shramek <lshramek@co.johnson.ia.us>; DJ Castelein <djcastelein@co.johnson.ia.us>
**Subject:** Workplace Assault Grievance

Dear Janet.

I hope this message finds you well.

As you know, I filed an assault grievance with HR due to a physically violent and aggressive incident I sustained by my boss, Josh Busard, on May 17th, 2017. In filing the grievance I indicated directly to HR that I am not comfortable working under Josh Busard as my supervisor pending the grievance investigation. It is stated clearly in my written grievance, which is attached to this email for your reference.

I also met with Lora Shramek and DJ Castelein on May 24th, 2017 to discuss the details of my grievance. During this meeting I stated multiple times to Lora and DJ that I do not feel physically safe in my office, and that Josh continues to display aggressive behavior towards me, although now indirectly as I am reporting to Nate Mueller, Josh's subordinate. Josh will not allow me to do my job as is specified in my job description and daily uses his body language and presence near me to intimidate me and make me feel very physically uncomfortable. When I indicated all of this to HR, multiple times, and requested to be moved under different supervision pending the grievance investigation, I was told by Lora that "there is nowhere else to put me," and "who do I expect to supervise me?" I was told that, unless I appeal directly to the Board of Supervisors, I am to remain under Josh's supervision and direction even though I feel physically and emotionally unsafe.

I am writing you directly today because it was indicated to me by Sgt. Randy Lamm that when he spoke to you regarding the assault report I filed, you told him HR informed you that I am comfortable continuing to work under Josh and am comfortable staying in this office pending the investigation. **I want to reiterate that the information you received from HR is not accurate, and I continue to work in an environment where I fear for my physical safety and is causing me a tremendous amount of emotional and physical stress. For HR to tell you otherwise is entirely false.**

I am requesting, again, that pending the HR investigation into my physical assault grievance, I be placed under alternative supervision so that I can perform the duties of my job as is it stated in my job description without fear for my physical safety and emotional health. I hope this accurate information about my workplace safety, coming directly from me, helps clarify the situation for you.

I look forward to hearing from you soon.

Shanti Sellz
Local Foods and Planning Specialist
Johnson County Planning, Development and Sustainability
319-356-6083 ext 8057
ssellz@co.johnson.ia.us

p. 3

E-FILED  2018 JUL 23 4:10 PM JOHNSON - CLERK OF DISTRICT COURT



**EXHIBIT**

3



# JOHNSON COUNTY

**Human Resources Department**
Lora Shramek, SPHR – Administrator

June 15, 2017

Shanti Sellz
PO Box 1031
Iowa City, IA 52244

Dear Shanti,

This letter summarizes the recommendations of Johnson County Human Resources' investigation into your grievance filed on May 18, 2017, that PDS Director Josh Busard lunged at you at about 9:30 AM on May 17, 2017. We strive to provide a professional work atmosphere free from physical, psychological or verbal harassment. Our goal is to have employees get along, be comfortable and productive in the job.

On May 25, 2017, I notified you via email that your "Statement of Assault in the Workplace" was received and currently under investigation. The alleged physical assault would be workplace violence and more appropriate under the Respectful Work Environment policy. It was investigated as such and that investigation has concluded.

Our recommendation is that Josh Busard and you work through issues with the help of a counselor from Synchrony and access the Employee Assistance Program. Human Resources is also available to facilitate a message exchange.

Personal counseling is encouraged for Josh and you. Additionally, participation in training on conflict management, proactive communication and review of Johnson County's Respectful Work Environment policy is recommended.

I appreciate you bringing this matter to our attention.

Sincerely,

Lora Shramek
Human Resources Administrator

P. 4

E-FILED  2018 JUL 23 4:10 PM JOHNSON - CLERK OF DISTRICT COURT



EXHIBIT
4



## Kathleen McCormick Devine, CNM, ARNP

501 Twelfth Ave, Suite 102
Coralville, IA 52241
Office: (319) 3651-7382 Fax: (319) 499-5321

**NPI: 1508046269   -   IA Lic #: B109663   -   Tax ID: 61-1454633**

June 20, 2017

Lora Shramek
Human Resources Administrator
Johnson County
913 S Dubuque St
Iowa City IA 52240

Dear Ms Shramek:

Reference is made to my patient, **Shanti Sellz.** Thank you for your recent correspondence dated, June 12, 2017, informing me of Ms. Sellz's ineligibility for Short Term Disability. I also appreciate your acknowledgement of my faxed letter to you regarding Ms. Sellz's continuing heath concerns and her inability to return to work for the two week period thereafter. I believe she has applied for FMLA in lieu of disability leave.

Shanti brought to my attention a matter concerning the Work Excuse form I emailed to you on June 6. I wrote her request for work release due to illness on a prescription note. She indicated that there was question as to the validity of the add-on of June 12th to her note. I met with Shanti on June 6th to discuss her health concern. I had my assistant fax the note to you while I was still meeting with Shanti. During the visit, Shanti indicated that she would also need to add on the 12th to the note as she would need to have the date covered as well. I added on the "12" to her note but neglected to update the note that had already been faxed to you. I did not think it a problem as I followed up with your office on Monday, June 12th with the letter mentioned above which covers the reason for her absence on that date. I just wanted to add this information to clarify the issue.

Thank you for your assistance in this matter.

Sincerely,

Kathleen M. Devine, ARNP, CNM



P. 5

E-FILED 2018 JUL 23 4:10 PM JOHNSON - CLERK OF DISTRICT COURT

**EXHIBIT**

5

## Administrative Release
### (Letter of Right-To-Sue)

| To: | ) | From: |
|---|---|---|
| | ) | |
| MS. SHANTI SELLZ | ) | Iowa Civil Rights Commission |
| 3867 JAMES AVE S.W. | ) | Grimes State Office Building |
| IOWA CITY, IA 52246 | ) | 400 E. 14th Street |
| | ) | Des Moines, Iowa 50319 |

| Complaint CP# 10-17-71158 | EEOC# 26A-2018-00081C |
|---|---|

This is your Administrative Release (Right-To-Sue) Letter issued pursuant to Iowa Code § 216.16 and 161 Iowa Administrative Code Section § 3.10. It is issued pursuant to your request.

The conditions precedent found in 161 Administrative Code § 3.10(2) have been met.

With this Right-To-Sue Letter, you have the right to commence an action in district court. That action must be commenced within ninety (90) days of the Right-To-Sue Letter issuance date, **4/25/2018**. The Right-To-Sue Letter is not a finding by the ICRC on the merits of the charge. The ICRC will take no further action in this matter.

A copy of the Right-To-Sue Letter has been sent to the Respondent(s) as shown below. The Administrative Rules allow any party to a complaint to request a copy of the file when a Right-to-Sue has been issued. The Administrative Rules allow any party to a complaint to request a copy of the file when a Right-to-Sue has been issued. If you or your attorney would like to obtain a copy of the file, please submit your request in writing via regular mail, fax, or email to icrc@iowa.gov. The copy and processing fees are as follows:

- Photocopy of investigative files - .25¢ per page; copies of digital recordings $15.00 per electronic storage device (hard copy); actual cost of postage; search/supervisory fee $26.00 per hour
- Scanned copy of investigative files - $15.00 for first 150-page batch; $10.00 for each 150-page batch thereafter; copies of digital recordings $10.00 per electronic storage device (electronic copy); search/supervisory fee $26.00 per hour

If you opt for an electronic copy, you must provide an email address in order to receive the copy.

The Iowa Civil Rights Commission
Phone: (515) 281-4121
FAX: (515) 242-5840
Email: icrc@iowa.gov

cc: File
    ROCKNE O. COLE, Complainant's Attorney
    SUSAN NEHRING, ASST COUNTY ATTY, Respondent's Attorney
    JOHNSON COUNTY
    JOSH BUSARD, DIRECTOR P, D & S
    LORA SHRAMEK, DIRECTOR HR

E-FILED  2018 SEP 04 3:43 PM JOHNSON - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT
FOR JOHNSON COUNTY

| | | |
|---|---|---|
| SHANTI SELLZ, | ) | |
| | ) | No.   LACV080090 |
| Plaintiff, | ) | |
| | ) | VOLUNTARY DISMISSAL |
| v. | ) | OF JOHNSON COUNTY |
| | ) | BOARD OF SUPERVISORS |
| JOSH BUSARD, *et al*, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW, the Plaintiff, through counsel, and hereby, pursuant to Iowa

R. Civ. Proc. 1.943, moves to dismiss Johnson County Board of Supervisors

without prejudice.  In support, Plaintiff states:

1.     Plaintiff dismisses the Johnson County Board of Supervisors

without prejudice.  Claims remain against all other Defendants.

WHEREFORE, Plaintiff dismisses Johnson County Board of Supervisors

without prejudice.

Respectfully submitted,

/s/ Rockne Cole

Rockne Cole
Cole Law Firm, PC
AT: 00001675
209 E. Washington St., Suite 305
Iowa City, IA 52240
(319) 519-2540 (Business line)
(319) 359-4009
rocknecole@gmail.com
**ATTORNEY FOR PLAINTIFF**

1

E-FILED  2018 SEP 05 9:23 AM JOHNSON - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT
FOR JOHNSON COUNTY

| | | |
|---|---|---|
| SHANTI SELLZ, | ) | |
| | ) | No.    LACV080090 |
| Plaintiff, | ) | ORDER |
| | ) | VOLUNTARY DISMISSAL |
| v. | ) | OF JOHNSON COUNTY |
| | ) | BOARD OF SUPERVISORS |
| JOSH BUSARD, *et al,* | ) | |
| | ) | |
| Defendants. | ) | |

For the reasons set forth therein, this Court grants Plaintiff's Voluntary

Dismissal of the Board of Supervisors without prejudice.

IT IS HEREBY ORDERED:

    A.    The Board of Supervisors is dismissed without prejudice.

    B.    All other Defendants remain, and shall file their Answers as

required by Iowa Rules of Civil Procedure.

E-FILED  2018 SEP 05 9:23 AM JOHNSON - CLERK OF DISTRICT COURT

E-FILED  2018 SEP 05 9:23 AM JOHNSON - CLERK OF DISTRICT COURT



State of Iowa Courts

**Type:**            OTHER ORDER

**Case Number**      **Case Title**
LACV080090           SHANTI SELLZ V. JOSH BUSARD, ET AL.

So Ordered

Kevin Mc Keever

Kevin McKeever, District Court Judge,
Sixth Judicial District of Iowa

Electronically signed on 2018-09-05 09:23:54     page 3 of 3

IN THE IOWA DISTRICT COURT
FOR JOHNSON COUNTY

| | |
|---|---|
| SHANTI SELLZ, | ) No. _____ |
| | ) |
| Plaintiff, | ) |
| | ) ORIGINAL NOTICE |
| | ) |
| vs. | ) |
| | ) |
| JOSH BUSARD, | ) |
| JOHNSON COUNTY, | ) |
| JOHNSON COUNTY BOARD | ) |
| OF SUPERVISORS, | ) |
| ROD SULLIVAN, | ) |
| JANELLE RETTIG, | ) |
| LISA GREEN-DOUGLAS, | ) |
| MIKE CARBERRY, | ) |
| | ) |
| Defendants. | ) |

**TO THE ABOVE NAMED DEFENDANT JOSH BUSARD:**

**ORIGINAL NOTICE**

1.    You are notified that a petition has been filed in the office of the clerk of this court naming you as the defendant in this action. A copy of the petition (and any documents filed with it) is attached to this notice. The name and address of the attorney for the Plaintiff is Rockne Cole, 209 E. Washington, Ste. 304, Iowa City, Iowa 52240. The attorney's phone number is: 319-519-2540, and his facsimile number is: 319-359-4009.

2.    **Judgment may be entered against you unless you file an Appearance and Answer within 20 days of the service of the Original Notice upon you.** Judgment may include the amount requested plus interest

3.    You must electronically file the Appearance and Answer using the Iowa Judicial Branch Electronic Document Management System (EDMS) at https://www.iowacourts.state.ia.us/EFile, unless you obtain from the court an exemption from electronic filing requirements.

4.    If your Appearance and Answer is filed within **20 days** and you deny the claim, you will receive electronic notification through EDMS of the place and time of the hearing on this matter.

1

5. If you electronically file, EDMS will serve a copy of the Appearance and Answer on Plaintiff or on the attorneys for Plaintiff. The Notice of Electronic Filing will indicate if Plaintiff is exempt from electronic filing, and if you must mail a copy of your Appearance and Answer to Plaintiff.

6.  You must also notify the clerk's office of any address change.

7. If you require the assistance of auxiliary aids or services to participate in court because of disability, immediately call your district ADA coordinator at (319) 398-3920.  (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942.)

E-FILED  2018 JUL 23 4:24 PM JOHNSON - CLERK OF DISTRICT COURT

# STATE OF IOWA JUDICIARY

*Case No.* LACV080090

*County* Johnson

*Case Title* SHANTI SELLZ V. JOSH BUSARD, ET AL.

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.state.ia.us/Efile

*Scheduled Hearing:*

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(319) 398-3920**  . (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

*Date Issued*  07/23/2018 04:24:21 PM



*District Clerk of* Johnson            *County*

/s/ Wendy Lonngren

## IN THE IOWA DISTRICT COURT
## FOR JOHNSON COUNTY

| | | |
|---|---|---|
| SHANTI SELLZ, | ) | No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORIGINAL NOTICE |
| | ) | |
| vs. | ) | |
| | ) | |
| JOSH BUSARD, | ) | |
| JOHNSON COUNTY, | ) | |
| JOHNSON COUNTY BOARD | ) | |
| OF SUPERVISORS, | ) | |
| ROD SULLIVAN, | ) | |
| JANELLE RETTIG, | ) | |
| LISA GREEN-DOUGLAS, | ) | |
| MIKE CARBERRY, | ) | |
| | ) | |
| Defendants. | ) | |

**TO THE ABOVE NAMED DEFENDANT JOHNSON COUNTY BOARD OF SUPERVISORS:**

### ORIGINAL NOTICE

1.    You are notified that a petition has been filed in the office of the clerk of this court naming you as the defendant in this action. A copy of the petition (and any documents filed with it) is attached to this notice. The name and address of the attorney for the Plaintiff is Rockne Cole, 209 E. Washington, Ste. 304, Iowa City, Iowa 52240. The attorney's phone number is: 319-519-2540; and his facsimile number is: 319-359-4009.

2.    **Judgment may be entered against you unless** you file an Appearance and Answer within **20 days** of the service of the Original Notice upon you.  Judgment may include the amount requested plus interest

3.    You must electronically file the Appearance and Answer using the Iowa Judicial Branch Electronic Document Management System (EDMS) at https://www.iowacourts.state.ia.us/EFile, unless you obtain from the court an exemption from electronic filing requirements.

1

E-FILED  2018 JUL 23 4:10 PM JOHNSON - CLERK OF DISTRICT COURT

4. If your Appearance and Answer is filed within **20 days** and you deny the claim, you will receive electronic notification through EDMS of the place and time of the hearing on this matter.

5. If you electronically file, EDMS will serve a copy of the Appearance and Answer on Plaintiff or on the attorneys for Plaintiff. The Notice of Electronic Filing will indicate if Plaintiff is exempt from electronic filing, and if you must mail a copy of your Appearance and Answer to Plaintiff.

6. You must also notify the clerk's office of any address change.

7. If you require the assistance of auxiliary aids or services to participate in court because of disability, immediately call your district ADA coordinator at (319) 398-3920.  (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942.)

E-FILED  2018 JUL 23 4:24 PM JOHNSON - CLERK OF DISTRICT COURT

# STATE OF IOWA JUDICIARY

*Case No.*  LACV080090

*County*  Johnson

*Case Title*  SHANTI SELLZ V. JOSH BUSARD, ET AL.

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.state.ia.us/Efile

*Scheduled Hearing:*

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(319) 398-3920**  . (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

*Date Issued*  07/23/2018 04:24:21 PM



*District Clerk of* Johnson          *County*
/s/ Wendy Lonngren

## IN THE IOWA DISTRICT COURT
## FOR JOHNSON COUNTY

| | | |
|---|---|---|
| SHANTI SELLZ, | ) | No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORIGINAL NOTICE |
| | ) | |
| vs. | ) | |
| | ) | |
| JOSH BUSARD, | ) | |
| JOHNSON COUNTY, | ) | |
| JOHNSON COUNTY BOARD | ) | |
| OF SUPERVISORS, | ) | |
| ROD SULLIVAN, | ) | |
| JANELLE RETTIG, | ) | |
| LISA GREEN-DOUGLAS, | ) | |
| MIKE CARBERRY, | ) | |
| | ) | |
| Defendants. | ) | |

**TO THE ABOVE NAMED DEFENDANT JOHNSON COUNTY:**

### ORIGINAL NOTICE

1.     You are notified that a petition has been filed in the office of the clerk of this court naming you as the defendant in this action. A copy of the petition (and any documents filed with it) is attached to this notice. The name and address of the attorney for the Plaintiff is Rockne Cole, 209 E. Washington, Ste. 304, Iowa City, Iowa 52240. The attorney's phone number is: 319-519-2540; and his facsimile number is: 319-359-4009.

2.     **Judgment may be entered against you unless** you file an Appearance and Answer within **20 days** of the service of the Original Notice upon you.  Judgment may include the amount requested plus interest

3.     You must electronically file the Appearance and Answer using the Iowa Judicial Branch Electronic Document Management System (EDMS) at https://www.iowacourts.state.ia.us/EFile, unless you obtain from the court an exemption from electronic filing requirements.

4. If your Appearance and Answer is filed within **20 days** and you deny the claim, you will receive electronic notification through EDMS of the place and time of the hearing on this matter.

1

5. If you electronically file, EDMS will serve a copy of the Appearance and Answer on Plaintiff or on the attorneys for Plaintiff. The Notice of Electronic Filing will indicate if Plaintiff is exempt from electronic filing, and if you must mail a copy of your Appearance and Answer to Plaintiff.

6.  You must also notify the clerk's office of any address change.

7. If you require the assistance of auxiliary aids or services to participate in court because of disability, immediately call your district ADA coordinator at (319) 398-3920.  (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942.)

E-FILED  2018 JUL 23 4:24 PM JOHNSON - CLERK OF DISTRICT COURT

# STATE OF IOWA JUDICIARY

*Case No.* LACV080090

*County* Johnson

*Case Title* SHANTI SELLZ V. JOSH BUSARD, ET AL.

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.state.ia.us/Efile

*Scheduled Hearing:*

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(319) 398-3920** . (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

*Date Issued* 07/23/2018 04:24:21 PM



*District Clerk of* Johnson          *County*

/s/ Wendy Lonngren

E-FILED  2018 JUL 23 4:10 PM JOHNSON - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT
## FOR JOHNSON COUNTY

| | |
|---|---|
| SHANTI SELLZ, | ) No. _____ |
| | ) |
| Plaintiff, | ) |
| | ) ORIGINAL NOTICE |
| | ) |
| vs. | ) |
| | ) |
| JOSH BUSARD, | ) |
| JOHNSON COUNTY, | ) |
| JOHNSON COUNTY BOARD | ) |
| OF SUPERVISORS, | ) |
| ROD SULLIVAN, | ) |
| JANELLE RETTIG, | ) |
| LISA GREEN-DOUGLAS, | ) |
| MIKE CARBERRY, | ) |
| | ) |
| Defendants. | ) |

**TO THE ABOVE NAMED DEFENDANT MIKE CARBERRRY:**

### ORIGINAL NOTICE

1.    You are notified that a petition has been filed in the office of the clerk of this court naming you as the defendant in this action. A copy of the petition (and any documents filed with it) is attached to this notice. The name and address of the attorney for the Plaintiff is Rockne Cole, 209 E. Washington, Ste. 304, Iowa City, Iowa 52240. The attorney's phone number is: 319-519-2540; and his facsimile number is: 319-359-4009.

2.    **Judgment may be entered against you unless** you file an Appearance and Answer within **20 days** of the service of the Original Notice upon you.  Judgment may include the amount requested plus interest

3.    You must electronically file the Appearance and Answer using the Iowa Judicial Branch Electronic Document Management System (EDMS) at https://www.iowacourts.state.ia.us/EFile, unless you obtain from the court an exemption from electronic filing requirements.

4. If your Appearance and Answer is filed within **20 days** and you deny the claim, you will receive electronic notification through EDMS of the place and time of the hearing on this matter.

1

E-FILED  2018 JUL 23 4:10 PM JOHNSON - CLERK OF DISTRICT COURT

5. If you electronically file, EDMS will serve a copy of the Appearance and Answer on Plaintiff or on the attorneys for Plaintiff. The Notice of Electronic Filing will indicate if Plaintiff is exempt from electronic filing, and if you must mail a copy of your Appearance and Answer to Plaintiff.

6.  You must also notify the clerk's office of any address change.

7. If you require the assistance of auxiliary aids or services to participate in court because of disability, immediately call your district ADA coordinator at (319) 398-3920.  (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942.)

E-FILED  2018 JUL 23 4:24 PM JOHNSON - CLERK OF DISTRICT COURT

# STATE OF IOWA JUDICIARY

*Case No.* LACV080090

*County* Johnson

*Case Title* SHANTI SELLZ V. JOSH BUSARD, ET AL.

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.ia.us/Efile

*Scheduled Hearing:*

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(319) 398-3920**   . (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

*Date Issued*  07/23/2018 04:24:21 PM



*District Clerk of* Johnson          *County*
/s/ Wendy Lonngren

E-FILED 2018 JUL 23 4:10 PM JOHNSON - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT
FOR JOHNSON COUNTY

SHANTI SELLZ,                              )   No. _____
                                           )
          Plaintiff,                       )
                                           )   ORIGINAL NOTICE
vs.                                        )
                                           )
JOSH BUSARD,                               )
                                           )
JOHNSON COUNTY,                            )
JOHNSON COUNTY BOARD                       )
OF SUPERVISORS,                            )
ROD SULLIVAN,                              )
JANELLE RETTIG,                            )
LISA GREEN-DOUGLAS,                        )
MIKE CARBERRY,                             )
                                           )
                                           )
          Defendants.                      )

**TO THE ABOVE NAMED DEFENDANT JANELLE RETTIG:**

## ORIGINAL NOTICE

1.     You are notified that a petition has been filed in the office of the clerk of this court naming you as the defendant in this action. A copy of the petition (and any documents filed with it) is attached to this notice. The name and address of the attorney for the Plaintiff is Rockne Cole, 209 E. Washington, Ste. 304, Iowa City, Iowa 52240. The attorney's phone number is: 319-519-2540; and his facsimile number is: 319-359-4009.

2.     **Judgment may be entered against you unless you file an Appearance and Answer within 20 days of the service of the Original Notice upon you.** Judgment may include the amount requested plus interest

3.     You must electronically file the Appearance and Answer using the Iowa Judicial Branch Electronic Document Management System (EDMS) at https://www.iowacourts.state.ia.us/EFile, unless you obtain from the court an exemption from electronic filing requirements.

4.     If your Appearance and Answer is filed within 20 days and you deny the claim, you will receive electronic notification through EDMS of the place and time of the hearing on this matter.

1

E-FILED  2018 JUL 23 4:10 PM JOHNSON - CLERK OF DISTRICT COURT

5. If you electronically file, EDMS will serve a copy of the Appearance and Answer on Plaintiff or on the attorneys for Plaintiff. The Notice of Electronic Filing will indicate if Plaintiff is exempt from electronic filing, and if you must mail a copy of your Appearance and Answer to Plaintiff.

6.  You must also notify the clerk's office of any address change.

7. If you require the assistance of auxiliary aids or services to participate in court because of disability, immediately call your district ADA coordinator at (319) 398-3920.  (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942.)

E-FILED  2018 JUL 23 4:24 PM JOHNSON - CLERK OF DISTRICT COURT

# STATE OF IOWA JUDICIARY

*Case No.*  LACV080090

*County*  Johnson

*Case Title*  SHANTI SELLZ V. JOSH BUSARD, ET AL.

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.state.ia.us/Efile

*Scheduled Hearing:*

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(319) 398-3920** .  (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

*Date Issued*  07/23/2018 04:24:21 PM



*District Clerk of* Johnson          *County*

/s/ Wendy Lonngren

# IN THE IOWA DISTRICT COURT
## FOR JOHNSON COUNTY

| | |
|---|---|
| SHANTI SELLZ, | ( |
| | ( No. _____ |
| Plaintiff, | ( |
| | ( |
| | ( ORIGINAL NOTICE |
| vs. | ( |
| | ( |
| JOSH BUSARD, | ( |
| | ( |
| JOHNSON COUNTY, | ( |
| JOHNSON COUNTY BOARD | ( |
| OF SUPERVISORS, | ( |
| ROD SULLIVAN, | ( |
| JANELLE RETTIG, | ( |
| LISA GREEN-DOUGLAS, | ( |
| MIKE CARBERRY, | ( |
| | ( |
| Defendants. | ( |

**TO THE ABOVE NAMED DEFENDANT ROD SULLIVAN:**

## ORIGINAL NOTICE

1.    You are notified that a petition has been filed in the office of the clerk of this court naming you as the defendant in this action. A copy of the petition (and any documents filed with it) is attached to this notice. The name and address of the attorney for the Plaintiff is Rockne Cole, 209 E. Washington, Ste. 304, Iowa City, Iowa 52240. The attorney's phone number is: 319-519-2540; and his facsimile number is: 319-359-4009.

2.    **Judgment may be entered against you unless you file an Appearance and Answer within 20 days of the service of the Original Notice upon you.** Judgment may include the amount requested plus interest

3.    You must electronically file the Appearance and Answer using the Iowa Judicial Branch Electronic Document Management System (EDMS) at https://www.iowacourts.state.ia.us/EFile, unless you obtain from the court an exemption from electronic filing requirements.

4.    If your Appearance and Answer is filed within **20 days** and you deny the claim, you will receive electronic notification through EDMS of the place and time of the hearing on this matter.

1

5. If you electronically file, EDMS will serve a copy of the Appearance and Answer on Plaintiff or on the attorneys for Plaintiff. The Notice of Electronic Filing will indicate if Plaintiff is exempt from electronic filing, and if you must mail a copy of your Appearance and Answer to Plaintiff.

6.  You must also notify the clerk's office of any address change.

7. If you require the assistance of auxiliary aids or services to participate in court because of disability, immediately call your district ADA coordinator at (319) 398-3920.  (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942.)

# STATE OF IOWA JUDICIARY

*Case No.* LACV080090

*County* Johnson

*Case Title* SHANTI SELLZ V. JOSH BUSARD, ET AL.

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.state.ia.us/Efile

*Scheduled Hearing:*

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(319) 398-3920**  . (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

*Date Issued*  07/23/2018 04:24:21 PM



*District Clerk of* Johnson          *County*
/s/ Wendy Lonngren

E-FILED  2018 JUL 23 4:10 PM JOHNSON - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT
FOR JOHNSON COUNTY

| | | |
|---|---|---|
| SHANTI SELLZ, | ) | No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORIGINAL NOTICE |
| | ) | |
| vs. | ) | |
| | ) | |
| JOSH BUSARD, | ) | |
| JOHNSON COUNTY, | ) | |
| JOHNSON COUNTY BOARD | ) | |
| OF SUPERVISORS, | ) | |
| ROD SULLIVAN, | ) | |
| JANELLE RETTIG, | ) | |
| LISA GREEN-DOUGLAS, | ) | |
| MIKE CARBERRY, | ) | |
| | ) | |
| Defendants. | ) | |

**TO THE ABOVE NAMED DEFENDANT LISA GREEN-DOUGLAS:**

## ORIGINAL NOTICE

1.     You are notified that a petition has been filed in the office of the clerk of this court naming you as the defendant in this action. A copy of the petition (and any documents filed with it) is attached to this notice. The name and address of the attorney for the Plaintiff is Rockne Cole, 209 E. Washington, Ste. 304, Iowa City, Iowa 52240. The attorney's phone number is: 319-519-2540; and his facsimile number is: 319-359-4009.

2.     **Judgment may be entered against you unless** you file an Appearance and Answer within **20 days** of the service of the Original Notice upon you.  Judgment may include the amount requested plus interest

3.     You must electronically file the Appearance and Answer using the Iowa Judicial Branch Electronic Document Management System (EDMS) at https://www.iowacourts.state.ia.us/EFile, unless you obtain from the court an exemption from electronic filing requirements.

4. If your Appearance and Answer is filed within **20 days** and you deny the claim, you will receive electronic notification through EDMS of the place and time of the hearing on this matter.

1

5. If you electronically file, EDMS will serve a copy of the Appearance and Answer on Plaintiff or on the attorneys for Plaintiff. The Notice of Electronic Filing will indicate if Plaintiff is exempt from electronic filing, and if you must mail a copy of your Appearance and Answer to Plaintiff.

6. You must also notify the clerk's office of any address change.

7. If you require the assistance of auxiliary aids or services to participate in court because of disability, immediately call your district ADA coordinator at (319) 398-3920.  (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942.)

E-FILED  2018 JUL 23 4:24 PM JOHNSON - CLERK OF DISTRICT COURT

# STATE OF IOWA JUDICIARY

*Case No.* LACV080090

*County* Johnson

*Case Title* SHANTI SELLZ V. JOSH BUSARD, ET AL.

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.state.ia.us/Efile

---

*Scheduled Hearing:*




---

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(319) 398-3920** .  (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

*Date Issued*  07/23/2018 04:24:21 PM



*District Clerk of* Johnson          *County*
/s/ Wendy Lonngren

# IN THE IOWA DISTRICT COURT
## FOR JOHNSON COUNTY

SHANTI SELLZ,                          .  No. LACV080090
                      (
                Plaintiff,   (
                      (
vs.                     (    DEFENDANT'S ACCEPTANCE
                      (    OF SERVICE AND WAIVER
                      (    OF PERSONAL SERVICE
JOSH BUSARD,          (
JOHNSON COUNTY,      (
JOHNSON COUNTY BOARD  (
OF SUPERVISORS,       (
ROD SULLIVAN,         (
JANELLE RETTIG,       (
LISA GREEN-DOUGLAS,   (
MIKE CARBERRY,        (
                      (
       Defendants.     (

I, _Mike Carberry_ hereby acknowledge that I received a copy of the Petition and the Original Notice filed in the above captioned matter. I hereby waive personal service of the Petition and Original Notice upon me. I understand that I must file an Answer to the Petition within 20 days of Acceptance of Service of the Original Notice and Petition. I understand that if I do not file within 20 days, I may be in default and the Plaintiff may obtain the relief demanded in the Petition without a trial or other hearing.

This the 16th day of August, 2018.

Signature of Defendant

Print Name: _Mike Carberry_

## ACKNOWLEDGEMENT

Signed and acknowledged before me this 16th day of _August_, 2018.

_Michael H. Hensch_

NOTARY PUBLIC IN AND FOR THE STATE OF IOWA

1

MICHAEL H. HENSCH
COMMISSION NUMBER 704787
MY COMMISSION EXPIRES
August 23, 2021

IN THE IOWA DISTRICT COURT
FOR JOHNSON COUNTY

| | |
|---|---|
| SHANTI SELLZ, | No. LACV080090 |
| Plaintiff, | ( |
| | ( |
| vs. | ( DEFENDANT'S ACCEPTANCE |
| | ( OF SERVICE AND WAIVER |
| | ( OF PERSONAL SERVICE |
| JOSH BUSARD, | ( |
| JOHNSON COUNTY, | ( |
| JOHNSON COUNTY BOARD | ( |
| OF SUPERVISORS, | ( |
| ROD SULLIVAN, | ( |
| JANELLE RETTIG, | ( |
| LISA GREEN-DOUGLAS, | ( |
| MIKE CARBERRY, | ( |
| Defendants. | ( |

I, Lisa Green-Douglass, hereby acknowledge that I received a copy of the Petition and the Original Notice filed in the above captioned matter. I hereby waive personal service of the Petition and Original Notice upon me. I understand that I must file an Answer to the Petition within 20 days of Acceptance of Service of the Original Notice and Petition. I understand that if I do not file within 20 days, I may be in default and the Plaintiff may obtain the relief demanded in the Petition without a trial or other hearing.

This the 16th day of August, 2018.

*Lisa Green-Douglass*

Signature of Defendant

Print Name: Lisa C. Green-Douglass

ACKNOWLEDGEMENT

Signed and acknowledged before me this 16th day of August, 20 18.

*Michael H. Hensch*

NOTARY PUBLIC IN AND FOR THE STATE OF IOWA

1

MICHAEL H. HENSCH
COMMISSION NUMBER 704787
MY COMMISSION EXPIRES
August 23, 2021

IN THE IOWA DISTRICT COURT
FOR JOHNSON COUNTY

| | |
|---|---|
| SHANTI SELLZ, | ( |
| | ( |
| Plaintiff, | ( |
| | ( |
| vs. | ( No. LACV080090 |
| | ( |
| | ( DEFENDANT'S ACCEPTANCE |
| | ( OF SERVICE AND WAIVER |
| JOSH BUSARD, | ( OF PERSONAL SERVICE |
| JOHNSON COUNTY, | ( |
| JOHNSON COUNTY BOARD | ( |
| OF SUPERVISORS, | ( |
| ROD SULLIVAN, | ( |
| JANELLE RETTIG, | ( |
| LISA GREEN-DOUGLAS, | ( |
| MIKE CARBERRY, | ( |
| | ( |
| Defendants. | ( |

I, _Janelle R. Htig_, hereby acknowledge that I received a copy of the
Petition and the Original Notice filed in the above captioned matter. I hereby
waive personal service of the Petition and Original Notice upon me. I understand
that I must file an Answer to the Petition within 20 days of Acceptance of Service
of the Original Notice and Petition. I understand that if I do not file within 20
days, I may be in default and the Plaintiff may obtain the relief demanded in the
Petition without a trial or other hearing.

This the 16th day of August, 2018.

_signature_
Signature of Defendant

Print Name: _Janelle R. Htig_

ACKNOWLEDGEMENT

Signed and acknowledged before me this 16th day of _August_,
20_18_.

_signature_

NOTARY PUBLIC IN AND FOR THE STATE OF IOWA

RYAN A NAAS
Commission Number 734793
My Commission Expires
October 24, 20_20_

1

E-FILED  2018 SEP 04 3:24 PM JOHNSON - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT
## FOR JOHNSON COUNTY

SHANTI SELLZ,             )   No. LACV080090
                             )

Plaintiff,              )
                             )   **DEFENDANT'S ACCEPTANCE**
                             )   **OF SERVICE AND WAIVER**

vs.                  )   **OF PERSONAL SERVICE**
                             )

JOSH BUSARD,          )
JOHNSON COUNTY,      )
JOHNSON COUNTY BOARD  )
OF SUPERVISORS,       )
ROD SULLIVAN,         )
JANELLE RETTIG,       )
LISA GREEN-DOUGLAS,   )
MIKE CARBERRY,       )
                             )

Defendants.            )

I, ___Rod Sullivan___, hereby acknowledge that I received a copy of the Petition and the Original Notice filed in the above captioned matter. I hereby waive personal service of the Petition and Original Notice upon me. I understand that I must file an Answer to the Petition within 20 days of Acceptance of Service of the Original Notice and Petition. I understand that if I do not file within 20 days, I may be in default and the Plaintiff may obtain the relief demanded in the Petition without a trial or other hearing.

This the 16th day of August, 2018.

_Rod Sullivan_

Signature of Defendant

Print Name: ___Rod Sullivan___

## ACKNOWLEDGEMENT

Signed and acknowledged before me this _16th_ day of _August_ , 20 _18_ .

_michael H. Hensch_

**NOTARY PUBLIC IN AND FOR THE STATE OF IOWA**

NOTARY SEAL
IOWA
MICHAEL H. HENSCH
COMMISSION NUMBER 704787
MY COMMISSION EXPIRES
August 23, 2021

1

# IN THE IOWA DISTRICT COURT
## FOR JOHNSON COUNTY

SHANTI SELLZ, (    No. LACV080090

    Plaintiff, (

vs. (    DEFENDANT'S ACCEPTANCE
(    OF SERVICE AND WAIVER
(    OF PERSONAL SERVICE

JOSH BUSARD, (
JOHNSON COUNTY, (
JOHNSON COUNTY BOARD (
OF SUPERVISORS, (
ROD SULLIVAN, (
JANELLE RETTIG, (
LISA GREEN-DOUGLAS, (
MIKE CARBERRY, (

    Defendants. (

As Chairperson for the Johnson County Board of Supervisors, I hereby acknowledge that Johnson County has received a copy of the Petition and Original Notice filed in the above captioned matter. On behalf of Johnson County, I hereby waive personal service of the Petition and Original Notice upon Johnson County. Johnson County is aware that an Answer to the Petition must be filed within 20 days of Acceptance of Service of the Original Notice and Petition and that failure to file an answer could result in the County being found in default.

This the 16th day of August, 2018.

_____
Signature of Defendant
Michael Carberry, Chairperson, Johnson County Board of Supervisors

## ACKNOWLEDGMENT

Signed and acknowledged before me this 16th day of August, 20 18.

_____

NOTARY PUBLIC IN AND FOR THE STATE OF IOWA

RYAN A MAAS
Commission Number 734793
My Commission Expires
October 24, 2022

I

**IN THE IOWA DISTRICT COURT**
**FOR JOHNSON COUNTY**

| | | |
|---|---|---|
| SHANTI SELLZ, | ( | No. LACV080090 |
| | ( | |
| Plaintiff, | ( | |
| | ( | DEFENDANT'S ACCEPTANCE |
| vs. | ( | OF SERVICE AND WAIVER |
| | ( | OF PERSONAL SERVICE |
| JOSH BUSARD, | ( | |
| JOHNSON COUNTY, | ( | |
| JOHNSON COUNTY BOARD | ( | |
| OF SUPERVISORS, | ( | |
| ROD SULLIVAN, | ( | |
| JANELLE RETTIG, | ( | |
| LISA GREEN-DOUGLAS, | ( | |
| MIKE CARBERRY, | ( | |
| | ( | |
| Defendants. | ( | |

I, Joshua F. Busard, hereby acknowledge that I received a copy of the Petition and the Original Notice filed in the above captioned matter. I hereby waive personal service of the Petition and Original Notice upon me. I understand that I must file an Answer to the Petition within 20 days of the Original Notice and Petition. I understand that I do not file within 20 days, I may be in default and the Plaintiff may obtain the relief demanded in the Petition without a trial or other hearing.

This the day of August, 20 18.

_____
Signature of Defendant

Print Name: Joshua F. Busard

**ACKNOWLEDGEMENT**

Signed and acknowledged before me this 16th day of August, 20 18.

_Michael H. Hensch_ 08-16-2018

NOTARY PUBLIC IN AND FOR THE STATE OF IOWA

1

MICHAEL H. HENSCH
COMMISSION NUMBER 704787
MY COMMISSION EXPIRES
August 23, 2021